**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINODH VASEDEVAN, | Case No.: |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| v. | |
| | **COMPLAINT FOR VIOLATIONS OF** |
| THE EXONE COMPANY, S. KENT | **FEDERAL SECURITIES LAWS** |
| ROCKWELL, JOHN HARTNER, JOHN | |
| IRVIN, GREGORY PASHKE, WILLIAM | |
| STROME, ROGER THILTGEN, BONNIE | |
| WACHTEL, and PAUL CAMUTI, | |
| Defendants. | |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**BACKGROUND**

1.      This action concerns a proposed transaction ("Proposed Transaction") announced on August 11, 2021, pursuant to which ExOne Company ("ExOne" or the "Company") will merge with Desktop Metal, Inc. ("Desktop Metal").

2.      On August 11, 2021, ExOne's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement").  Pursuant to the terms of the Merger Agreement, ExOne's stockholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock they own (the "Merger Consideration").

3.      On September 15, 2021, in order to convince ExOne's shareholders to vote in favor of the Proposed Transaction, Defendants filed a materially incomplete and misleading

Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC").

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, Plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

5.      In addition, a special meeting of ExOne's stockholders will be held to vote on the Proposed Transaction (the "Stockholder Vote"). It is therefore imperative that the material information that has been omitted from the Registration Statement is disclosed prior to the Stockholder Vote so ExOne's stockholders can properly exercise their corporate voting rights and make an informed decision on whether to vote in favor of the merger.

## JURISDICTION & VENUE

6.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act and 28 U.S.C. §1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7.      This Court has jurisdiction over Defendants because each defendant is either a corporation that conducts business in this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because, among other things: (a) the conduct at issue will have an effect in this District; (b) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; and (c) certain Defendants have received

substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District. Additionally, the Company's common stock trades on the NASDAQ, which is headquartered in this District.

## THE PARTIES

9.      Plaintiff is, and has been continuously throughout all times relevant hereto, a ExOne shareholder.

10.      Defendant ExOne is a Delaware corporation and a party to the Merger Agreement. ExOne shares are traded on the NASDAQ under the ticker symbol "XONE."

11.      Defendant S. Kent Rockwell is Chairman of the Board, and a director of the Company.

12.      Defendant John Hartner is Company's Chief Executive Officer and director of the Company.

13.      Defendant John Irvin a director of the Company.

14.      Defendant Gregory Pashke is a director of the Company.

15.      Defendant William Strome is a director of the Company.

16.      Defendant Roger Thiltgen is a director of the Company.

17.      Defendant Bonnie Wachtel is a director of the Company.

18.      Defendant Paul Camuti is a director of the Company.

## FACTS

19.      ExOne is a global provider of 3D printing machines and 3D printed and other products, materials and services to industrial customers. ExOne's business primarily consists of manufacturing and selling 3D printing machines and printing products to specification for its customers using its global installed base of 3D printing machines. ExOne also supplies the

associated materials, including consumables and replacement parts, and other services, including training and technical support, that are necessary for purchasers of its 3D printing machines to print products.

20.     Desktop Metal offers a portfolio of integrated additive manufacturing solutions comprised of hardware, software, materials and services, with support for metals, composites, polymers, ceramics, sands, biocompatible materials, wood and elastomers. Desktop Metal's solutions span use cases across the product life cycle, from product development to mass production and aftermarket operations, and they address an array of industries, including automotive, healthcare and dental, consumer products, heavy industry, aerospace, machine design and research and development.

21.     On August 11, 2021, ExOne's Board caused the Company to enter into the Merger Agreement.

22.     According to the press release announcing the Proposed Transaction:

**DESKTOP METAL TO ACQUIRE EXONE, CEMENTING ITS LEADERSHIP IN ADDITIVE MANUFACTURING FOR MASS PRODUCTION**

***

BOSTON, MA and NORTH HUNTINGDON, PA – Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") and The ExOne Company (NASDAQ: XONE) ("ExOne") announced today they have entered into a definitive agreement pursuant to which Desktop Metal will acquire all of the issued and outstanding shares of ExOne common stock. Under the terms of the agreement, ExOne shareholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock, for a total consideration of $25.50 per share, representing a transaction value of $575 million, subject to a collar mechanism as described below and implying a 47.6% premium to the closing price of ExOne's common stock on August 11, 2021 and a 43.9% premium based on the 30-day average closing price of ExOne common stock. The transaction value also implies an acquisition multiple of 6.4x 2021 consensus revenue estimates for ExOne.

***

**Transaction Details**

Under the terms of the agreement, at closing, ExOne stockholders will receive total consideration of $575 million, consisting of $192 million in cash consideration and $383 million in share consideration of Desktop Metal common stock, subject to a collar mechanism on the share consideration component described below.

The share consideration component is subject to an exchange ratio adjustment if Desktop Metal's 20-day volume weighted average price (VWAP) 3 days prior to closing is between $7.94 and $9.70. If the 20-day VWAP exceeds the higher end of that range, the exchange ratio will be fixed at 1.7522 per share, and if the 20-day VWAP goes below the lower end of that range, the exchange ratio will be fixed at 2.1416 per share. The final number of Desktop Metal shares estimated to be issued on a fully diluted basis will range between approximately 39.5 million and 48.3 million shares at closing. Upon closing of the transaction, current Desktop Metal shareholders will own between 85 and 88% and current ExOne shareholders are expected to own between 12 and 15% of the combined company, respectively.

\*\*\*

The transaction, which has been unanimously approved by the Board of Directors of ExOne, is expected to close in the fourth quarter of 2021, subject to the approval of ExOne shareholders and satisfaction of customary closing conditions, including applicable regulatory approvals.

Credit Suisse Securities (USA) LLC is acting as exclusive financial advisor and Latham & Watkins is acting as legal advisor to Desktop Metal. Stifel is acting as exclusive financial advisor and McGuireWoods LLP is acting as legal advisor to ExOne.

23.     The Merger Consideration is unfair because, among other things, the intrinsic value of the Company is in excess of the amount the Company's stockholders will receive in connection with the Proposed Transaction.

24.     It is therefore imperative that the Company's shareholders receive the material information that Defendants have omitted from the Registration Statement so that they can meaningfully assess whether the Proposed Transaction is in their best interests prior to the vote.

25.     Section 5.1 of the Merger Agreement has a "no solicitation" clause that prevents ExOne from soliciting alternative proposals and constraints its ability to negotiate with potential buyers:

 **Company Acquisition Proposals**

(b)      From the date of this Agreement until the earlier of the Effective Time and the termination of this Agreement in accordance with Section 7.1, except as permitted under this Agreement (including Section 5.3(c), Section 5.3(e) and Section 5.3(g)), the Company shall not, and shall cause its Representatives and other Acquired Companies not to, directly or indirectly, (i) solicit, initiate or knowingly encourage or knowingly induce or facilitate the making, submission or announcement of any inquiries, proposals or offers constituting or that would reasonably be expected to lead to a Company Acquisition Proposal, (ii) make available any non-public information regarding any of the Acquired Companies to any Person (other than Parent and Parent's or the Company's Representatives) in response to a Company Acquisition Proposal or any proposal, inquiry or offer that would reasonably be expected to lead to a Company Acquisition Proposal, (iii) engage in discussions or negotiations with any Person with respect to any Company Acquisition Proposal (other than to state that they currently are not permitted to have discussions), (iv) approve, endorse or recommend any Company Acquisition Proposal, (v) make or authorize any statement, recommendation or solicitation in support of any Company Acquisition Proposal or any proposal, inquiry or offer that would reasonably be expected to lead to a Company Acquisition Proposal, or (vi) enter into any letter of intent or agreement in principle or any Contract providing for, relating to or in connection with any Company Acquisition Proposal.

26.      In addition, Section 7.3 of the Merger Agreement requires ExOne to pay up to a $11,500,000 "termination fee" in the event this agreement is terminated by ExOne and improperly constrains the Company from obtaining a superior offer.  Such a termination fee is excessive and unduly restrictive to ExOne's ability to consider other offers.

27.      Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28.      The Registration Statement omits material information concerning ExOne's and Desktop Metal's financial projections.

29.      With respect to ExOne's financial projections, the Registration Statement  fails to disclose: (1) all line items used to calculate (i) Revenue; (ii) Gross Profit; and (iii) Adjusted EBITDA.

30.      With respect to Desktop Metal's financial projections, the Registration Statement

6

fails to disclose: (1) all line items used to calculate (i) Revenue; (ii) Gross Profit; and (iii) Adjusted EBITDA.

31.     The disclosure of projected financial information is material information necessary for stockholders to gain an understanding of the basis for any projections as to the future financial performance of the combined company.  In addition, this information is material and necessary for stockholders to understand the financial analyses performed by the companies' financial advisors rendered in support of any fairness opinion.

32.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Stifel Nicolaus & Company, Incorporated ("Stifel") in connection with the Proposed Transaction.

33.     With respect to Stifel's *Discounted Cash Flow Analysis*, regarding ExOne, the Registration Statement  to fails to disclose (1) the after-tax unlevered free cash flows for ExOne and all underlying line items; (2) the terminal value of the Company; (3) the individual inputs and assumptions underlying the exit multiples range of 3.0x to 5.0x; (4) the inputs and assumptions underlying the discount rates ranging from 11.5% to 13.5%; and (5) the Company's weighted average cost of capital.

34.     With respect to Stifel's *Premiums Paid Analysis* for ExOne, the Registration Statement fails to disclose the transactions observed and the individual premiums paid.

35.     With respect to Stifel's *Research Price Targets* for ExOne, the Registration Statement fails to disclose the price targets observed and the source of the price targets.

36.     With respect to Stifel's *Discounted Cash Flow Analysis*, regarding Desktop Metal, the Registration Statement  fails to disclose (1) the after-tax unlevered free cash flows for Desktop Metal and all underlying line items; (2) the terminal value of Desktop Metal; (3) the

individual inputs and assumptions underlying the exit multiples range of 4.0x to 6.0x; (4) the inputs and assumptions underlying the discount rates ranging from 11.5% to 17.5%; and (5) Desktop Metal's weighted average cost of capital.

37.    With respect to Stifel's *Research Price Targets* for Desktop Metal, the Registration Statement fails to disclose the price targets observed and the source of the price targets.

38.    With respect to Stifel's *Pro Forma Combined Company Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (1) the projected cash flows of the combined company and the line items used to calculate the cash flows; (2) the illustrative terminal values of the combined company; (3) the inputs and assumptions underlying the range of exit multiples ranging from 4.0x to 6.0x; (4) the inputs and assumptions underlying the discount rates ranging from 11.5% to 17.5%; (5) the pro forma combined net debt; (6) the Company's net debt; (7) Desktop Metal's net debt; and (8) the pro forma fully diluted share count of the combined company.

39.    The omission of the above-referenced material information renders the Registration Statement false and misleading.

40.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## CLAIMS FOR RELIEF

### COUNT I

### (AGAINST ALL DEFENDANTS FOR VIOLATIONS OF SECTION 14(a) OF THE EXCHANGE ACT AND RULE 14a-9 PROMULGATED THEREUNDER)

41.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, requires that Registration Statement communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43.     Defendants issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

44.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  By virtue of their roles as officers and/or directors, each of the Individual Defendants were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders as required.

45.     The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in preparing and reviewing the Registration Statement.  Defendants were also negligent in choosing to omit material information from the Registration Statement or

failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.

46.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law.

### COUNT II

### (AGAINST THE INDIVIDUAL DEFENDANTS FOR VIOLATIONS OF SECTION 20(a) OF THE EXCHANGE ACT)

47.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

48.     The Individual Defendants acted as controlling persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of the Company, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory

involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Registration Statement issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

51.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

52.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54.     Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 24, 2021

**MOORE KUEHN, PLLC**
*/s/Justin Kuehn*
Justin A. Kuehn
Fletcher W. Moore
30 Wall Street, 8th floor
New York, New York 10005
Tel: (212) 709-8245
jkuehn@moorekuehn.com
fmoore@moorekuehn.com
*Attorneys for Plaintiff*